Before State Industrial Commission, Respondent.

In the Matter of the Claim of Mary A. Prendergast, Widow, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Patrick Prendergast, v. Berrian Brothers, Employer, and General Accident, Fire and Life Assurance Corporation, Ltd., of Perth, Scotland, Insurance Carrier, Appellants.

Third Department, July 1, 1918.

**Workmen's Compensation Law — appeal from award — time of notice — sufficiency of notice — letter by insurance carrier constituting notice.**

A notice of appeal from an award by the State Industrial Commission not served within thirty days from the service of the notice of the award is ineffectual.

A letter by an insurance carrier to the State Industrial Commission which in its first paragraph merely gives notice of an intention to appeal but in the concluding sentence uses these words " in order to be on the safe side I am filing this notice of appeal," should be regarded as a sufficient notice.

APPEAL by the defendants, Berrian Brothers and another, from decisions and orders of the State Industrial Commission granting compensation and denying an application for a rehearing herein.

*Alfred W. Meldon* and *Theodore H. Lord,* for the appellants.

*Merton E. Lewis, Attorney-General [Robert W. Bonynge,* counsel to the State Industrial Commission], for the respondents.

H. T. KELLOGG, J.:

This award was made on October 10, 1917, and notice thereof was served on October 26, 1917. No formal notice of appeal was served until January 4, 1918. The Commission declined to make any statement of its conclusions of fact and rulings of law, as required to be done within thirty days after taking an appeal, for the reason that the appeal itself was not taken in time. As the formal notice of appeal was not served within thirty days from the service of the notice of the award the notice of appeal was ineffectual. (Workmen's Compensation Law [Consol. Laws, chap. 67; Laws of 1914, chap. 41], § 23.) However, within such thirty days the insurance carrier did send to the Commission a letter, reading as follows:

*November* 21, 1917.

" THE STATE INDUSTRIAL COMMISSION,

" 230 Fifth Avenue, New York.

" 11587 — P. Prendergast *v.* Berrian Bros. 28681.

" GENTLEMEN.— For the purpose of protecting our interest we hereby file notice of our intention to appeal from the award made in the above entitled case under date of October 10th. Notice of this award is dated October 26th and was received in this office three days later. On the

31st of October a rehearing was allowed for the purpose of introducing further testimony and at the conclusion of the hearing Commissioner Archer stated that the evidence would be carefully reviewed as if given in the first place and decision reserved. It is my impression that the award made on October 10th was thereby rendered null and void, but in order to be on the safe side I am filing this notice of appeal.

"Yours very truly,

"GENERAL ACCIDENT, FIRE & LIFE ASSUR. CORP.
"HAD /E/                    by H. A. DICKER."

It will be observed that in the first paragraph of this letter the writer merely gives notice of an intention to appeal. However, in the concluding sentence of the letter these words will be found: "In order to be on the safe side I am filing this notice of appeal." It has been the practice of the Commission and of the courts to administer the provisions of the Workmen's Compensation Law in a liberal spirit in disregard of formal or technical rules of procedure. No good reason suggests itself why the treatment of claimants should be liberal and that of employers and carriers should be harsh. The letter in question does state that the writer thereof is thereby filing an appeal. It should, therefore, be regarded as a notice of appeal. Accordingly, the Commission should make a statement of its conclusions of fact and rulings of law. The case is remitted to the Commission for such purpose.

All concurred.

Matter remitted to the State Industrial Commission for a statement of its conclusions of fact and rulings of law thereon.*

---

*As amended on September 17, 1918.— [REP.